## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **GUDMECINDO BAHENA SEGURA** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Cause No. 3:17-cv-02239** |
| **ROEHL TRANSPORT, INC., AND** | § | |
| **CHARLIE MCFADDEN** | § | |

## INDEX OF PLEADINGS FILED IN THE STATE COURT ACTION

TO THE UNITED STATES DISTRICT CLERK:

     Pursuant to 28 U.S.C. § 1447(b), attached hereto are complete true and correct copies of all documents filed in the state court action.

                        Respectfully Submitted,

                        **FEE, SMITH, SHARP & VITULLO, L.L.P.**

                        */s/ Michael P. Sharp*

                        _____

                        **MICHAEL P. SHARP**
                        State Bar No. 00788857
                        Email:  msharp@feesmith.com
                        **JASON A. BURRIS**
                        State Bar No. 24049591
                        Email:  jburris@feesmith.com
                        Three Galleria Tower
                        13155 Noel Road, Suite 1000
                        Dallas, TX  75240
                        (972) 934-9100
                        (972) 934-9200 (Fax)

                        **ATTORNEYS FOR DEFENDANTS**
                        **ROEHL TRANSPORT, INC. AND**
                        **CHARLIE MCFADDEN**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 23rd day of August, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing.  Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Aaron L. Genthe
Law Firm of Aaron A. Herbert
8330 LBJ Freeway, Suite 400
Dallas, TX  75243
Email:  efileagenthe@texaslegaladvice.com

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**

## INDEX

08/23/17        Docket Sheet

07/11/17        Civil Case Information Sheet

07/11/17        Plaintiff's Original Petition with Discovery Requests

07/17/17        Citation for Service on Defendant Roehl Transport, Inc.

07/17/17        Citation for Service on Defendant Charlie McFadden

08/07/17        Return of Service on Service on Defendant Roehl Transport, Inc.

08/18/17        Return of Service - Service on Defendant Charlie McFadden

08/18/17        Defendant, Roehl Transport, Inc.'s Original Answer

08/21/17        Defendant, Charlie McFadden's Original Answer

## Case Information

DC-17-08345 | GUDMECINDO BAHENA SEGURA vs. ROEHL TRANSPORT, INC., et al

| Case Number | Court | Judicial Officer |
|---|---|---|
| DC-17-08345 | 134th District Court | TILLERY, DALE |
| File Date | Case Type | Case Status |
| 07/11/2017 | MOTOR VEHICLE ACCIDENT | OPEN |

## Party

**PLAINTIFF**
BAHENA SEGURA, GUDMECINDO

Address
8330 LBJ FREEWAY
SUITE 700
DALLAS TX 75243

Active Attorneys▾
Lead Attorney
GENTHE, AARON L
Retained

Work Phone
214-347-4259

Fax Phone
214-983-0462

---

**DEFENDANT**
ROEHL TRANSPORT, INC.

Address
BY SERVING ITS REGISTERED AGENT
RICHARD ROEHL
1916 E. 29TH STREET
MANSFIELD WI 54449

Active Attorneys▾
Lead Attorney
SHARP, MICHAEL
PAUL
Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

---

**DEFENDANT**
MCFADDEN, CHARLIE

Address

Active Attorneys▾
Lead Attorney

125 E. 11TH STREET
AUSTIN TX 78701-2483

SHARP, MICHAEL PAUL

Retained

Work Phone
972-934-9100

Fax Phone
972-934-9200

---

# Events and Hearings

07/11/2017 NEW CASE FILED (OCA) - CIVIL

07/11/2017 CASE FILING COVER SHEET ▾

Civil Case Information Sheet, Bahena, G.pdf

07/11/2017 ORIGINAL PETITION ▾

POP PWD GUDMECINDO.pdf

07/11/2017 ISSUE CITATION COMM OF INS OR SOS

07/17/2017 CITATION ISSUED ▾

DC-17-08345 COH.pdf

DC-17-08345 SOS.pdf

07/17/2017 CITATION SOS/COI/COH/HAG▾

Anticipated Server
ESERVE

Anticipated Method
Actual Server
OUT OF COUNTY

Returned
08/07/2017
Anticipated Server
ESERVE

Anticipated Method
Actual Server

OUT OF COUNTY
Returned
08/18/2017
Comment
ESERVE/DB

---

08/07/2017 RETURN OF SERVICE ▾

ROEHL

Comment
SOS CIT EXEC 7/28/17 TO ROEHL TRANSPORT INC TRAVIS
CO

---

08/09/2017 RETURN OF SERVICE ▾

Roehl Transport Inc- Proof of Srvc.pdf

Comment
RET SOS-Roehl Transport Inc-Proof of Srvc

---

08/18/2017 RETURN OF SERVICE ▾

CHARLIE

Comment
COH CIT EXEC 7/28/17 TO CHARLIE MCFADDEN TRAVIS CO

---

08/18/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEF Roehl Transport OA (8.18.17).pdf

---

08/21/2017 ORIGINAL ANSWER - GENERAL DENIAL ▾

DEF Charlie McFadden OA (8.18.17).pdf

---

09/15/2017 DISMISSAL FOR WANT OF PROSECUTION ▾

Judicial Officer
TILLERY, DALE

Hearing Time
10:00 AM

# Financial

BAHENA SEGURA, GUDMECINDO

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $311.00 |
| Total Payments and Credits | | | | $311.00 |
| 7/14/2017 | Transaction Assessment | | | $311.00 |
| 7/14/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 43884-2017-DCLK | BAHENA SEGURA, GUDMECINDO | ($311.00) |

# Documents

Civil Case Information Sheet, Bahena, G.pdf

POP PWD GUDMECINDO.pdf

DC-17-08345 COH.pdf

DC-17-08345 SOS.pdf

ROEHL

Roehl Transport Inc- Proof of Srvc.pdf

CHARLIE

DEF Roehl Transport OA (8.18.17).pdf

DEF Charlie McFadden OA (8.18.17).pdf

FILED
DALLAS COUNTY
7/11/2017 11:16 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-02239-B   Document 1-1 Filed 08/23/17   Page 8 of 77   PageID 12

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* DC-17-08345      **COURT** *(FOR CLERK USE ONLY):* _____

**STYLED** Gudmecindo Bahena Segura v. Roehl Transport, Inc. and Charlie McFadden

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Aaron L. Genthe   **Email:** agenthe@texaslegaladvice.com | **Plaintiff(s)/Petitioner(s):** Gudmecindo Bahena Segura | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| **Address:** 8330 LBJ Freeway, Suite 700   **Telephone:** 214-347-4259 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Dallas, Texas 75243   **Fax:** 214-347-4269 | **Defendant(s)/Respondent(s):** Roehl Transport, Inc. and Charlie McFadden | **Custodial Parent:**<br><br>**Non-Custodial Parent:** |
| **Signature:** /s/ Aaron L. Genthe   **State Bar No:** 24093610 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law |
|---|---|---|---|

| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
|---|---|---|---|---|
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☐ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br>_____<br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract:<br>_____ | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br> ☐ Accounting<br> ☐ Legal<br> ☐ Medical<br> ☐ Other Professional<br>   Liability:<br>_____<br>☒ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br> ☐ Asbestos/Silica<br> ☐ Other Product Liability<br>   List Product:<br>_____<br>☐ Other Injury or Damage:<br>_____ | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br>_____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br> ☐ With Children<br> ☐ No Children | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other |
| | | **Related to Criminal Matters** | **Other Family Law** | **Title IV-D** |
| | | ☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: _____ | ☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: _____ | ☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order |
| | | | | **Parent-Child Relationship** |
| | | | | ☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child:<br>_____ |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment:<br>_____ | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: _____ |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>☐ Dependent Administration<br>☐ Independent Administration<br>☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐ Less than $100,000 and non-monetary relief<br>
☐ Over $100, 000 but not more than $200,000<br>
☐ Over $200,000 but not more than $1,000,000<br>
☒ Over $1,000,000

Rev 2/13

FILED
DALLAS COUNTY
7/11/2017 11:16 AM
FELICIA PITRE
DISTRICT CLERK

Freeney Anita

CAUSE NO. _____

| | |
|---|---|
| GUDMECINDO BAHENA SEGURA, | IN THE DISTRICT COURT |
| Plaintiff, | |
| v. | 134TH<br>_____ JUDICIAL DISTRICT |
| ROEHL TRANSPORT, INC. AND<br>CHARLIE MCFADDEN,<br>Defendants. | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION WITH ATTACHED PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANTS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **GUDMECINDO BAHENA SEGURA**, Plaintiff, and files this, his Original Petition, complaining of Defendants, **ROEHL TRANSPORT, INC. AND CHARLIE MCFADDEN**, and would show unto the Court as follows:

## I. <u>SELECTION OF DISCOVERY LEVEL</u>

Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## II. <u>JURISDICTION & VENUE</u>

This suit is brought in accordance with the laws of the State of Texas, for the recovery of damages which are within the jurisdictional limits of this Court, to which Plaintiff are entitled to receive as compensation for the injuries described below. The Court has continuing jurisdiction over Defendants because Defendants committed a tort in whole or in part in the State of Texas. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff's counsel states that damages are within the jurisdictional limits of this Court. Further, as required by Rule 47(b),

Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages, harms and losses sought by Plaintiff are in an amount within the jurisdictional limits of this Court. Plaintiff's counsel is required by Rule 47(c) of the Texas Rules of Civil Procedure to state the amount of damages, in dollar amount, that represent Plaintiff's harms and losses suffered due to the negligence of the Defendant. The legislative history of this requirement indicates that it is for record keeping and statistical purposes only for lawsuits filed in the State of Texas.

At this time, no discovery has been conducted and Plaintiff's assertion is made upon knowledge and belief at the time of filing and reserves the right to amend as more information and discovery becomes available. Plaintiff's counsel states that Plaintiff seeks monetary relief over $1,000,000.00. The amount of monetary relief actually assessed by the jury or judge, however, will ultimately be determined by a jury or judge after hearing all of the evidence of harms, damages and losses and Plaintiff implicitly trusts the judgment of the good and fair judge or jury as the representatives of our community. Ultimately, Plaintiff will ask a judge or jury of Plaintiff's peers to assess a fair and reasonable amount of money damages as compensation for Plaintiff's injuries.

Pursuant to Texas Civil Practices and Remedies Code § 15.002, et *seq.*, venue is proper in DALLAS COUNTY, Texas.  DALLAS COUNTY, Texas, is the county where a substantial part of the events giving rise to this cause of action accrued.

### III. <u>PARTIES</u>

Plaintiff is an individual who resides in Dallas County, Texas.

Upon information and belief available to Plaintiff at this time, Defendant, ROEHL TRANSPORT, INC., is and at all relevant times has been a commercial transportation company SOS in the State of Texas with its home office at 1916 E. 29th Street, P.O. Box 750, Marshfield,

Wisconsin 54449.  Defendant, is a commercial transportation business in Texas but does not

maintain a regular place of business or a designated agent for service of process in Texas.

Service of process is therefore proper on the Texas Secretary of State under Tex. Civ. Prac. &

Rem. Code Sec. 17.044(b).   Defendant, ROEHL TRANSPORT, INC., will be served at its

designated office through their registered agent, RICHARD ROEHL, 1916 E 29th Street, P.O.

Box 750, Marshfield, Wisconsin 54449, pursuant to the procedures in Tex. Civ. Prac. & Rem.

Code Sec. 17.045.

Defendant, CHARLIE MCFADDEN, is an individual whose last known address is 1014

W Stanfil Street, Hahira, Georgia 31632.  Pursuant to Tex. Civ. Prac. & Rem. Code Chap. 17,

Subchapter D, service of process may be obtained on Defendant by serving two (2) copies of

this pleading and the citation, issued in the name of the Defendant, MCFADDEN, with the

Chair of the Texas Transportation Commission listed as the Agent of Service:

> Tryon D. Lewis, Chairman
> Texas Transportation Commission          COH
> 125 E. 11th Street
> Austin, Texas 78701-2483

As to the Defendant that is an entity (partnerships, unincorporated associations,

incorporated associations, or other entities), or individuals doing business under an assumed

name, Plaintiff brings this suit in said Defendant's partnership, assumed or common name under

Rule 28 of the Texas Rules of Civil Procedure.  Pursuant to Rule 28 of the Texas Rules of Civil

Procedure, Plaintiff reserves the right to substitute the true name of said Defendant at a later

time.

## IV.    FACTS

This lawsuit results from an automobile collision that occurred on or about February 19,

2016 in Carrollton, Dallas County, Texas.  At the time of the collision Plaintiff was the restrained

operator of a motor vehicle who come to a stop from a private drive facing Marsh Lane, when

Defendant, who was operating a tractor trailer, failed to maintain a single lane of travel and collided with Plaintiff's motor vehicle.

Upon information and belief at this time, at all material times hereto Defendant, CHARLIE MCFADDEN, had been operating a motor vehicle owned by Defendant, ROEHL TRANSPORT, INC., and acting within the course and scope of his employment with Defendant, ROEHL TRANSPORT, INC.

## V.   <u>NEGLIGENCE AND GROSS NEGLIGENCE – CHARLIE MCFADDEN</u>

At the time of the accident, Defendant was operating his tractor trailer in a negligent, and grossly negligent manner.  Specifically, Defendant had a duty to exercise ordinary care and operate his tractor trailer reasonably and prudently. The collision and the injuries of the Plaintiff were proximately caused by Defendant's negligent, grossly negligent, careless, and reckless disregard of his duty to Plaintiff, including the following acts and omissions:

   i.     Defendant failed to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   ii.    Defendant failed to timely apply the brakes to his tractor trailer in order to avoid the collision;

   iii.   Defendant failed to turn his vehicle to the left or right in order to avoid the collision in question;

   iv.    Defendant was operating his tractor trailer at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances;

   v.     Defendant failed to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;

   vi.    Defendant failed to remain reasonably attentive to the traffic and other conditions existing on the roadway as a reasonably prudent person would have been under the same or similar circumstances;

   vii.   Defendant failed to maintain a clear and reasonable distance between other motor vehicle and Defendant's tractor trailer which would permit Defendant to bring his tractor trailer to a safe stop without colliding into

**Page 4**

other motor vehicles;

    viii.        Defendant failed to sound his horn;

    ix.        Defendant failed in his inattention to the operation of the vehicle;

    x.        Defendant failed in complying with applicable official traffic-control devices in violation of Texas Transportation Code Sec. 544.004;

    xi.        Defendant failed in his inattention to road signs and traffic lights;

    xii.        Defendant failed to maintain a single lane of travel;

    xiii.        Defendant made an unsafe lane change; and

    xiv.        Defendant was using a cellular phone at the time of collision.

Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence, gross negligence and negligence per se, which proximately and directly caused the collision and Plaintiff's injuries and damages.

The conduct of Defendant when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiff.

## VI. NEGLIGENCE PER SE-CHARLIE MCFADDEN

On February 19, 2016, as more specifically described above, Defendant violated Tex. Transp. Code § 545.060(a), by failing in his duty of a motor-carrier driver to not move from a lane until the driver has ascertained that the movement can be made safely.  Plaintiffs are part of the class of persons that Tex. Transp. Code § 545.060(a) and its provisions are intended to protect. Defendant's violation of Tex. Transp. Code § 545.060(a) constituted negligence per se that proximately caused the above mentioned collision and Plaintiffs' physical injuries and associated damages as described below.

## VII. NEGLIGENCE AND GROSS NEGLIGENCE – ROEHL TRANSPORT, INC.

At the time of the accident, Defendant, CHARLIE MCFADDEN, was operating his vehicle in a negligent, and grossly negligent manner and it appears Defendant, CHARLIE MCFADDEN, may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that Defendant, ROEHL TRANSPORT, INC., may have been negligent in its entrustment of a tractor trailer to Defendant, CHARLIE MCFADDEN. The collision and the injuries of the Plaintiff were proximately caused by Defendant's negligent, grossly negligent, careless, and reckless disregard of his duty to Plaintiff, including the following acts and omissions:

     i.     Defendant failed to properly qualify CHARLIE MCFADDEN;

     ii.     Defendant failed to hire a qualified driver, CHARLIE MCFADDEN;

     iii.     Defendant failed to properly supervise CHARLIE MCFADDEN;

     iv.     Defendant retained driver, CHARLIE MCFADDEN, after Defendant learned CHARLIE MCFADDEN was unfit for his position; and

     v.     Defendant failed to properly train CHARLIE MCFADDEN.

Each of the foregoing acts and omissions, either taken singularly or in combination with others, constituted negligence, gross negligence and negligence per se, which proximately and directly caused the collision and Plaintiff's injuries and damages.

The conduct of Defendant when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, specifically including Plaintiff.

## VIII. RESPONDEAT SUPERIOR

Defendant, ROEHL TRANSPORT, INC., was incorporated at the time of the collision,

and Plaintiff pleads that at the time of the collision, Defendant, CHARLIE MCFADDEN, was the agent, servant, and employee of Defendant, ROEHL TRANSPORT, INC., and was acting within the scope of his authority as such agent, servant, and employee. Defendant, ROEHL TRANSPORT, INC., is liable to Plaintiff for the negligence of Defendant, CHARLIE MCFADDEN, under the common law doctrine of respondeat superior.

## IX. DAMAGES

As a proximate result of Defendant's negligence, Plaintiff suffered severe injuries. Plaintiff suffered the following damages:

i.    Medical and healthcare expenses incurred in the past;

ii.   Medical and healthcare expenses which, in all reasonable probability, will be incurred in the future;

iii.  Physical pain and suffering in the past;

iv.   Physical pain and suffering which, in all reasonable probability, will be incurred in the future;

v.    Mental anguish suffered in the past;

vi.   Mental anguish which, in all reasonable probability will be suffered in the future;

vii.  Physical impairment suffered in the past;

viii. Physical impairment which, in all reasonable probability, will be suffered in the future;

ix.   Lost wages suffered in the past;

x.    Lost wages and earning capacity which, in all reasonable probability will be suffered in the future;

xi.   Disfigurement in the past; and

xii.  Disfigurement which, in all reasonable probability, will be suffered in the future.

xiii.        Property damage and loss of use of a motor vehicle.

Plaintiff additionally seeks exemplary damages as allowed by Chapter 41 of the Texas Civil Practice & Remedies Code.

## X. CONDITIONS PRECEDENT

Pursuant to Rule 54 of the Texas Rules of Civil Procedure, Plaintiff hereby alleges all conditions precedent have been performed or have occurred.

## XI. U. S. LIFE TABLES

Notice is hereby given that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XII. COSTS AND INTEREST

It was necessary for Plaintiff to expend money as costs of Court requisite to prosecute this cause of action. Therefore, an award of these costs to Plaintiff is authorized by Rule 131 of the Texas Rules of Civil Procedure. Plaintiff is also entitled to prejudgment and post-judgment interests as allowed by law.

## XIII. PLAINTIFF'S T.R.C.P. 193.7 NOTICE

Plaintiff, in accordance with Rule 193.7 of the Texas Rules of Civil Procedure regarding self-authenticating documents, files this notice of intent to used written discovery documents at trial and/or any pre-trial proceedings. Plaintiff hereby gives notice to all parties that Plaintiff intends to use at trial, or at any pre-trial proceedings, all documents produced by Defendant in response to discovery from any and all parties in this cause.

## XIV. JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes demand and application for jury trial.

## XV.   REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, you are requested to disclose, within thirty (30) days of the service of this request, the information or material described in Rule 194.2(a), (b), (c), (d), (e), (f), (g), (h), (i), (j ), (k), and (l).

## XVI. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, **GUDMECINDO BAHENA SEGURA**, respectfully requests that Defendants, **ROEHL TRANSPORT, INC. AND CHARLIE MCFADDEN,** be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendants for:

     i.     Actual damages;

     ii.     Prejudgment and post judgment interest as allowed by law;

     iii.     Costs of suit;

     iv.     Exemplary damages; and

     v.     Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,
**THE LAW FIRM OF AARON A. HERBERT**

BY:_____
AARON L. GENTHE
State Bar No. 24093610
efileagenthe@texaslegaladvice.com
8330 LBJ Freeway, STE 700
Dallas, Texas 75243
Phone (214)347-4259
Fax    (214)983-0462
**ATTORNEY FOR PLAINTIFF**

**WRITTEN DISCOVERY HAS BEEN SERVED HEREWITH IN ACCORDANCE WITH THE TEXAS RULES OF CIVIL PROCEDURE**

CAUSE NO. _____

| | |
|---|---|
| **GUDMECINDO BAHENA SEGURA,** | **IN THE DISTRICT COURT** |
| **Plaintiff,** | |
| **v.** | **_____ JUDICIAL DISTRICT** |
| **ROEHL TRANSPORT, INC. AND CHARLIE MCFADDEN** | |
| **Defendants.** | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT ROEHL TRANSPORT, INC.

**TO:**   DEFENDANT, ROEHL TRANSPORT, INC., by and through its registered agent, Richard Roehl, 1916 E 29th Street, P.O. Box 750, Marshfield, Wisconsin 54449.

COMES NOW, GUDMECINDO BAHENA SEGURA, Plaintiff in the above styled cause of action and serves <u>PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY</u> upon Defendant, ROEHL TRANSPORT, INC., as allowed by Tex.R.Civ.P. 192 through 197. Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days after service.

Respectfully submitted,
**THE LAW FIRM OF AARON A. HERBERT**

BY:_____
       AARON L. GENTHE
       State Bar No. 24093610
       efileagenthe@texaslegaladvice.com
       8330 LBJ Freeway, STE 700
       Dallas, Texas 75243
       Phone (214)347-4259
       Fax    (214)983-0462
       **ATTORNEY FOR PLAINTIFF**

## FIRST SET OF INTERROGATORIES

Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to

answer, within fifty (50) days of service of this request, the following Interrogatories.

### Preliminary Statement

1.  The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2.  You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3.  You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4.  Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5.  If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

### Definitions & Abbreviations

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understands the objectives of PLAINTIFF'S discovery efforts and (2) to simplify and assist the Plaintiff in PLAINTIFF'S efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by PLAINTIFF'S that an affirmative response on the part of Defendant will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on Defendant.

**A. DEFENDANT:**   As used herein, the term "Defendant" means ROEHL TRANSPORT, INC., their agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, excluding their attorney.

**B.  PLAINTIFF:** As used herein, the term "Plaintiff(s)" means GUDMECINDO BAHENA SEGURA, their agents, representatives, and all other persons acting in concert with them, or under their control, whether directly or indirectly, excluding their attorney.

**C. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**D. YOU OR YOUR:** Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**E. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following:  hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**F.   DOCUMENT(S):** The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use. The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems. The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**G. FILE:** "File" as used herein means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

**H. PERSON:**  "Person" as used herein means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

**I. PERSON(S) IDENTITY:**  When an interrogatory requests that you identify a person please state:

      1.     His or her full name;
      2.     His or her present or last known address;
      3.     His or her present employers name and address; and
      4.     His or her occupational position or classification.

**J.  "DESCRIBE", "IDENTIFY" or "IDENTIFICATION":**

1.   As to a person: When used in reference to a person or individual, the terms "describe" "identify" or "identification" mean to state her/her full name, address, and telephone number.

2.   As to an entity: The terms "describe", "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

3.   As to a document: When used in reference to a document, the terms "describe", "identify" or "identification" shall include the following:

    a.   The title, heading or caption of such document.

    b.   The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.

    c.   A general description of the document.

    d.   The name of the person who signed the document or statement that it was unsigned.

    e.   Name of the person or persons who prepared the document.

    f.   Name of the person or persons to whom the document was addressed and to whom the document was sent.

    g.   The physical location of the document.

4.   As to a statement:  When used in reference to a statement, the terms "describe", "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

5.   To any other tangible thing: When used in reference to any other tangible thing, the terms "describe", "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**K. COLLISION IN QUESTION:**  The term "collision" or "collision in question" or similar reference as used herein refers to the Collision or Collision in Question described in PLAINTIFF'S Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**L. INCIDENT IN QUESTION:**   The term "incident" or "incident in question" or similar reference as used herein refers to the Collision or Collision in Question described in PLAINTIFF'S Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**M. STATEMENTS:** The term "statement" or "statements" includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**N.  VEHICLE IN QUESTION:**  The term "vehicle in question" means the vehicle driven by Defendant at the time of the incident in question.

**O.  "AND" "OR":**   The word "and" means "and/or." The word "or" means "or/and."

**P.  DEFENDANT, DRIVER:** means the driver of the vehicle in question driven by Defendant, CHARLIE MCFADDEN, at the time of the incident in question.

# I.  **INTERROGATORIES**

Pursuant to Rule l97, Texas Rules of Civil Procedure, Defendant is requested to answer the attached interrogatories separately, fully, in writing, and under oath

INTERROGATORY NO. 1:
Identify the driver of the vehicle in question.

RESPONSE

INTERROGATORY NO. 2:
Please state how you contend the collision in question occurred.

RESPONSE

INTERROGATORY NO. 3:
Please state the positions held, general job descriptions, and lengths of employment of Defendant, driver, at the time of the collision in question.

RESPONSE

INTERROGATORY NO. 4:
Please state the full extent of any training, education, or experience concerning driving techniques or principles Defendant, driver, has received.

RESPONSE

INTERROGATORY NO. 5:
Was Defendant, driver, acting in the course and scope of his employment with ROEHL TRANSPORT, INC. at the time of the collision made the basis of this lawsuit?  If you are contending that Defendant, driver, was not acting in the course and scope of employment for ROEHL TRANSPORT, INC. at the time of the collision, please state exactly why you are making such contention.

RESPONSE

INTERROGATORY NO. 6:
If the vehicle driven by Defendant, driver, that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE

INTERROGATORY NO. 7:
Please list all traffic accidents in which Defendant, driver, has been involved, including the location, city, county, state and any violations for which he was cited in connection with any

traffic accidents.

RESPONSE

INTERROGATORY NO. 8:
Please give a description of all traffic violations for which Defendant, driver, has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE

INTERROGATORY NO. 9:
With respect to collisions or accidents involving one of ROEHL TRANSPORT, INC.'s vehicles and/or a driver employed by you or under contract with ROEHL TRANSPORT, INC., please state:

      a.      When the driver is required to make a report and to whom;

      b.      A description of any written report required to be made by any person with ROEHL TRANSPORT, INC. and/or the driver;

      c.      Where and in whose custody such reports are kept;

      d.      When a driver must submit for a drug test by giving a urine sample; and

      e.      When such report must be reported to the federal government.

RESPONSE

INTERROGATORY NO. 10:
Did Defendant, driver, receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Defendant, driver, paid the ticket, did he plead guilty? What court did Defendant, driver, have to appear in or call to resolve the citation or ticket?

RESPONSE

INTERROGATORY NO. 11:
Do you contend that someone other than Defendant, driver, failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE

INTERROGATORY NO. 12:
Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to

Your subjective relief?

RESPONSE

INTERROGATORY NO. 13:
What does Defendant, ROEHL TRANSPORT, INC., do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations?  If Defendant, ROEHL TRANSPORT, INC., uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE

INTERROGATORY NO. 14:
Does Defendant, ROEHL TRANSPORT, INC., use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers?  If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE

INTERROGATORY NO. 15:
For the cell phone in Defendant, driver's tractor trailer, please identify the cell phone carrier and the cell phone number.

RESPONSE

## II. REQUESTS FOR PRODUCTION

Pursuant to Rule 196, Texas Rules of Civil Procedure, Defendant is requested to produce and permit the inspection and copying of the following documents:

1. Produce any and all documents, including but not limited to invoices, repair bills, or estimates, reflecting the damage to any vehicle involved in the collision in question.

   RESPONSE:

2. Produce any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

   RESPONSE:

3. Produce any and all photographs of the scene of the collision in question.

   RESPONSE:

4. Produce any and all photographs that you intend to use at trial.

   RESPONSE:

5. Produce any and all photographs, videotapes or other depictions of Plaintiff.

   RESPONSE:

6. Produce any and all photographs, videotapes or other depictions of DEFENDANT, DRIVER.

   RESPONSE:

7. Produce any and all witness statements.

   RESPONSE:

8. Produce any and all statements from GUDMECINDO BAHENA SEGURA.

   RESPONSE:

9. Produce any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

   RESPONSE:

10. Produce any and all documents related to DEFENDANT, DRIVER's employment with

ROEHL TRANSPORT, INC.

RESPONSE:

11.    Produce any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question.  These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports, and other documents obtained regarding the vehicle.

RESPONSE:

12.    Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Defendant, driver relating to his employment with ROEHL TRANSPORT, INC.

RESPONSE:

13.    Produce any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing GUDMECINDO BAHENA SEGURA, Defendant, driver, any of the vehicles or any part of the vehicles involved in the collision in question, or the location of such collision.

RESPONSE:

14.    Produce any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial.  Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

RESPONSE:

15.    Produce any written, taped or mechanically reproduced statement heretofore made of GUDMECINDO BAHENA SEGURA, Defendant, driver, and/or agents or employees.

RESPONSE:

16.    Produce any records or documentation (medical or non-medical) concerning Defendant, driver that would indicate whether he was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

RESPONSE:

17.   Produce any records or documentation (medical or non-medical) concerning Defendant, driver that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

RESPONSE:

18.   Produce any records or documentation (medical or non-medical) that would indicate that Defendant, driver was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

RESPONSE:

19.   Produce a photostatic copy of the front and back of Defendant, driver's current driver's license and any commercial license.

RESPONSE:

20.   Produce a copy of any company vehicle use records for the vehicle involved in the collision for the one hundred eighty (180) days preceding and including the date of the collision in question.

RESPONSE:

21.   Produce any documentation concerning Defendant, driver involving disciplinary actions, demerits, reprimands, or incidents indicating less than satisfactory job performance.

RESPONSE:

22.   Produce any and all manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Defendant, driver at the time of the collision in question.

RESPONSE:

23.   Produce any and all records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Defendant, driver was an unsafe driver.

RESPONSE:

24.   Produce any and all documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named Defendants with respect to this claim.

RESPONSE:

25.     If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce any and all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries, or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate there was a substantial chance litigation would ensue.

        RESPONSE:

26.     Produce any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

        RESPONSE:

27.     Produce any insurance policies that provide, or may provide, coverage for the collision in question.

        RESPONSE:

28.     Produce any reservation of rights letters or non-waiver agreements.

        RESPONSE:

29.     Produce any cell phone bills that would show whether or not Defendant, driver was using a cell phone on the date of the wreck.  This request includes, but is not limited to, cell phone bills for the day of the wreck.

        RESPONSE:

30.     Produce any and all cell phone bills and records for any cell phone used by Defendant, driver for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck

        RESPONSE:

31.     Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

32.     Produce any and all expense receipts and reports submitted by Defendant, driver for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

33.     Produce any and all incident reports generated by Defendant, driver or ROEHL TRANSPORT, INC. regarding the collision at issue in this lawsuit.

        RESPONSE:

34.     If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Defendant, driver drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Defendant, driver for that time period.

        RESPONSE:

35.     Produce Defendant, driver's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

36.     Produce ROEHL TRANSPORT, INC.'s complete driver qualification file on Defendant, driver.

        RESPONSE:

37.     Produce any and all personnel files, accident files, and other files and documents that ROEHL TRANSPORT, INC.  maintains or possesses regarding Defendant, driver.

        RESPONSE:

38.     Produce any and all fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Defendant, driver during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

39.     Produce any and all Qualcomm records and data regarding any vehicle operated by Defendant, driver, and any communications to and from Defendant, driver, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

40.   Produce any and all documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Defendant, driver during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.  The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

RESPONSE:

41.   Produce any and all monthly log summary sheets for Defendant, driver for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

42.   Produce any and all notice of logging violations for Defendant, driver for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

43.   Produce the accident register for ROEHL TRANSPORT, INC.

RESPONSE:

44.   Produce any and all safety performance history records regarding Defendant, driver.

RESPONSE:

45.   Produce any and all driver's vehicle inspection reports completed by Defendant, driver for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

46.   Produce any and all pretrip check lists completed by Defendant, driver for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.
RESPONSE:

47.   Produce the vehicle accident kit issued to Defendant, driver.

RESPONSE:

48.     Produce an exemplar blank vehicle accident kit used by ROEHL TRANSPORT, INC.

        RESPONSE:

49.     Produce any and all dispatch and trip reports regarding any vehicle operated by
        Defendant, driver for the period starting one hundred eighty (180) days before the wreck
        and ending fourteen (14) days after the wreck.

        RESPONSE:

50.     Produce any and all trip cost report envelopes for any vehicle operated by Defendant,
        driver for the period starting one hundred eighty (180) days before the wreck and ending
        fourteen (14) days after the wreck.

        RESPONSE:

51.     Produce any and all OmniTRACS data regarding any vehicle operated by Defendant,
        driver for the period starting one hundred eighty (180) days before the wreck and ending
        fourteen (14) days after the wreck.

        RESPONSE:

52.     Produce copies of all documents obtained by deposition on written question or
        subpoena.

        RESPONSE:

53.     Produce any and all documents regarding any audits or examinations performed of
        ROEHL TRANSPORT, INC. by any state or federal agency, including but not limited to
        any state department of transportation, any state department of motor vehicle, the U.S.
        Department of Transportation, and the Federal Motor Carrier Safety Administration.

        RESPONSE:

54.     Exact copies of the Defendant's insurance claim file that was generated from the date of
        the incident made the basis for this suit until the date this lawsuit was filed.

        RESPONSE:

55.     Produce complete and full copies for Defendant's cellular phone in the motor vehicle.  This
        request is limited to the date of the accident.  This request also includes any and all documents
        demonstrating the following:
                        a.      Calls;
                        b.      Text messages;

      c.     Instant messages
      d.     Communications of any sort, including but not limited to data transmissions, reception and usage; and
      e.     Locations of cellular towers.

### III.    REQUEST FOR PRIVILEGE LOG TO BE ANSWERED WITHIN 50 DAYS OF SERVICE

<u>Privilege Log</u>:  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered.  Specifically do the following:

(a)    Detail the privilege asserted;
(b)    Provide the title of the document(s) upon which the privilege is asserted;
(c)    Provide the general substance of the document(s) upon which you claim there is a privilege;
(d)    Identify the location and custodian of the document(s)
(e)    Give a brief description why, in your view, the privilege shields the document from discovery; and
(f)    Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

CAUSE NO. _____

| | |
|---|---|
| **GUDMECINDO BAHENA SEGURA,** | **IN THE DISTRICT COURT** |
| **Plaintiff,** | |
| **v.** | **_____ JUDICIAL DISTRICT** |
| **ROEHL TRANSPORT, INC. AND CHARLIE MCFADDEN,** | |
| **Defendants.** | **DALLAS COUNTY, TEXAS** |

## PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY TO DEFENDANT CHARLIE MCFADDEN REQUEST FOR PRIVILEGE LOG TO DEFENDANT CHARLIE MCFADDEN

TO:    DEFENDANT, CHARLIE MCFADDEN at 1014 W Stanfil Street, Hahira, Georgia 31632

COMES NOW, GUDMECINDO BAHENA SEGURA, Plaintiff in the above styled cause of action and serves PLAINTIFF'S FIRST REQUEST FOR WRITTEN DISCOVERY upon Defendant, CHARLIE MCFADDEN, as allowed by Tex.R.Civ.P. 192 through 197. Defendant must answer each request separately, fully, in writing, and under oath, within fifty (50) days after service.

Respectfully submitted,

**THE LAW FIRM OF AARON A. HERBERT**

BY:_____

AARON L. GENTHE

State Bar No. 24093610

efileagenthe@texaslegaladvice.com

8330 LBJ Freeway, STE 700

Dallas, Texas 75243

Phone (214)347-4259

Fax     (214)983-0462

**ATTORNEY FOR PLAINTIFF**

## FIRST SET OF INTERROGATORIES

Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Interrogatories.

### Preliminary Statement

1. The following interrogatories are to be answered separately and fully, by furnishing all information in your possession, custody or control, including all information to which you have a superior right to compel from a third party, such as your agent, authority, or representative.

2. You are to answer the interrogatories under oath. Your attorney in this case is not allowed to sign or swear to the answers you have made to the interrogatories.

3. You and your attorney are under a duty to supplement your answers to these interrogatories by amending your answers if you obtain information upon the basis of which you know that the answer was incorrect when made or you know that the answer is no longer true, even though it was correct when made.

4. Whenever an interrogatory requests the identification of a document or documents, please set forth where the document exists, the name and address of its custodian, a description of its contents, including its author, date, and addresses, the number of pages it contains, and all attachments to the original document.

5. If the answer to any interrogatory may be derived or ascertained from your business records, and the burden of deriving the answer would be substantially the same for Plaintiff and you, you may specify the records from which the answer may be obtained.

### Definitions & Abbreviations

Plaintiff sets forth the following definitions or abbreviations of various words and phrases that are contained in the Interrogatories. Plaintiff provides the following definitions and abbreviations for the purpose of clarifying the meaning of various words and phrases contained herein in order to expedite discovery, i.e., (1) to help the Defendant fully and accurately understands the objectives of Plaintiff's discovery efforts and (2) to simplify and assist the Plaintiff in Plaintiff's efforts to locate and furnish the relevant information and documents. It is expressly stipulated and agreed by Plaintiff's that an affirmative response on the part of Defendant will not be construed as an admission that any definition or abbreviation contained hereto is either factually correct or legally binding on Defendant.

**A. DEFENDANT:**   As used herein, the term "Defendant" means CHARLIE MCFADDEN, his agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, excluding his attorney.

**B.  PLAINTIFF:** As used herein, the term "Plaintiff(s)" means GUDMECINDO BAHENA SEGURA, his agents, representatives, and all other persons acting in concert with him, or under his control, whether directly or indirectly, excluding his attorney.

**C. MULTIPLE PART ANSWERS:** Where an individual interrogatory calls for an answer which involves more than one part or subpart, each part of the answer should be set forth separately so that it is clearly understandable and responsive to the respective interrogatory or subpart thereof.

**D. YOU OR YOUR:** Where the term "you or your" is used in the interrogatories or instructions, it is meant to include the person(s) referenced in definition "A" above.

**E. WRITING OR WRITTEN:** The term "writing" or "written" are intended to include, but not necessarily be limited to the following:  hand writing, type writing, computer printouts, printing, photograph, and every other means of recording upon any tangible thing or any form of communication, including letters, words, pictures, sounds or symbols or combinations thereof; and they further include any oral communication later reduced to writing or confirmed by a letter.

**F.  DOCUMENT(S):** The term "documents" shall mean writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use. The term also includes communications not only in words, but also in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems. The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

**G. FILE:** "File" as used herein means any collection or group of documents maintained, held, stored, or used together, including, without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

**H. PERSON:**  "Person" as used herein means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

**I. PERSON(S) IDENTITY:**  When an interrogatory requests that you identify a person please state:

1.  His or her full name;
2.  His or her present or last known address;
3.  His or her present employers name and address; and
4.  His or her occupational position or classification.

**J. "DESCRIBE", "IDENTIFY" or "IDENTIFICATION":**

6.  As to a person: When used in reference to a person or individual, the terms "describe" "identify" or "identification" mean to state her/her full name, address, and telephone number.

7.  As to an entity: The terms "describe", "identify" or identification" when used in reference to an entity such as a corporation, partnership or association, mean to state the name of the entity, its business address, telephone number, and name of its chief executive officer and the agent for service of process.

8.  As to a document: When used in reference to a document, the terms "describe", "identify" or "identification" shall include the following:

    e.  The title, heading or caption of such document.

    f.  The date appearing on such document; or if no date appears, the approximate date on which the document was prepared.

    g.  A general description of the document.

    h.  The name of the person who signed the document or statement that it was unsigned.

    f.  Name of the person or persons who prepared the document.

    f.  Name of the person or persons to whom the document was addressed and to whom the document was sent.

    h.  The physical location of the document.

9.  As to a statement:  When used in reference to a statement, the terms "describe", "identify" or "identification" shall include who made the statement, who took or recorded it, and all others, if any, present during the making thereof; to state when, where and how it was taken or recorded, and to identify who was present or last known possession, custody or control thereof.

10.  To any other tangible thing: When used in reference to any other tangible thing, the terms "describe", "identify" or "identification" mean to give a reasonably detailed description thereof, including, if applicable, when, where, and how it was made; to identify who made it; and to identify who has present or last known possession, custody or control thereof.

**K. COLLISION IN QUESTION:**  The term "collision" or "collision in question" or similar reference as used herein refers to the Collision or Collision in Question described in Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**L. INCIDENT IN QUESTION:**  The term "incident" or "incident in question" or similar reference as used herein refers to the Collision or Collision in Question described in Plaintiff's Original Petition, unless otherwise defined herein, and which forms the subject matter in this suit.

**M. STATEMENTS:** The term "statement" or "statements" includes any written or graphic statement signed or otherwise adopted or approved by the person making it and any stenographic, mechanical, electrical, or other recordings, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

**N.  VEHICLE IN QUESTION:**  The term "vehicle in question" means the vehicle driven by Defendant at the time of the incident in question.

**O.  "AND" "OR":**   The word "and" means "and/or." The word "or" means "or/and."

## II. <u>INTERROGATORIES</u>

1. State your full and complete name, any nicknames you have used, or been known by, date of birth, social security number, your present home address, telephone number and, if different, your complete home address and telephone number at the time of the collision in question.

2. If it is your contention that any individual other than yourself was operating the vehicle involved in, and at the time of the Incident in Question, state their full and complete name, any nicknames you know they have used or been known by, date of birth, social security number, present home address, telephone number and, if different, their complete home address and telephone number at the time of the collision in question.

3. At the time the collision in question occurred, was CHARLIE MCFADDEN employed? If so, please state the following as to such employment:

   a. The identity of each employer, including their complete name(s) and address(es);
   b. The identity of the person who was CHARLIE MCFADDEN's immediate supervisor in reference to services you performed;
   c. The beginning and ending dates of CHARLIE MCFADDEN's employment or present status of employment; and
   d. What CHARLIE MCFADDEN's job position and duties were with respect to each employment.

4. Please list each state that has issued CHARLIE MCFADDEN a motor vehicle drivers' license (including a commercial drivers license) in the last ten (10) years, including those licenses that may have now expired or been canceled, withdrawn, suspended, surrendered, or revoked, listing the name of each issuing state and the approximate date of issuance and status for each license held.

5. If you have entered a guilty plea to any offense or have been convicted of a felony or a crime involving moral turpitude within the last ten (10) years, identify any such offense or crime by its nature, date of the guilty plea or conviction, penalty assessed, and the county and state wherein the offense or crime occurred.

6. Please state each and every address where you have resided in the last ten (10) years, setting forth the approximate dates of your residence at each such address.

7. List all traffic violations for which CHARLIE MCFADDEN has been cited during the past seven (7) years, including the date, city, county, state, offense alleged, and disposition of each such citation.

8. List all motor vehicle collisions in which CHARLIE MCFADDEN has been involved in the past seven (7) years, including the location, city, county, state, and any violations for which you were cited.

9. Did anyone, after the collision in question occurred, make a recording, either in writing or by use of electronic recording equipment of your version of the Collision in Question either in person or by telephone?  If so, please identify each such person, their title, and organization to which they are employed or associated, and the approximate date, time and location of each such occurrence indicating the method utilized in recording their version of the collision.  Identify the Custodian of such statement(s).

10. Please state the name, address, and telephone number of any expert(s) with whom you or your attorneys have consulted, but whom you do not intend to call as an expert witness in this case or whom you have not decided to call as an expert witness in this case, but whose opinion(s) and/or impression(s) have been reviewed by any expert who is to be called as a witness at the trial of this case.

11. Identify by name and amount all intoxicating beverages, drugs, alcohol, and/or medications, prescription or otherwise, that CHARLIE MCFADDEN had taken or consumed within (24) twenty-four hours prior to the collision in question.

12. Describe in your own words how the Collision in Question occurred and state specifically what the claim or contention of the Defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based.

13. If you contend either of Plaintiff's acts or omissions caused or contributed to the Collision in Question, or to their injuries, please describe the basis for your position, including any evidence or statements that support your position.

14. Identify by cause number, style, court, county, and state each lawsuit to which you have ever been a party, other than this lawsuit.

15. Give the dates, times and places together with the names and addresses of persons and organizations that have provided drug or alcohol counseling or treatment, marriage counseling, or personal counseling to you in the past ten (10) years.

16. Specify all mechanical or other defects, if any, of the vehicle CHARLIE MCFADDEN was driving which caused or contributed to the collision made the basis of this suit, including, but not limited to, all components of the vehicle which were inoperable, defective or otherwise in need of repair.

17. State where CHARLIE MCFADDEN had been just prior to the collision, where CHARLIE MCFADDEN was going at the time of the collision and the purpose of the trip that CHARLIE MCFADDEN was on at the time of the collision made the basis of this suit.

18. State the speed of the vehicle at all times material to the collision in question, including specifically CHARLIE MCFADDEN's speed at the time of impact and, if CHARLIE MCFADDEN's brakes were engaged at the time of impact, please state CHARLIE MCFADDEN's speed before applying the brakes.

19. Identify any account from which payment was made for fines stemming from any traffic violation or citation received by CHARLIE MCFADDEN prior to or relating to Collision in Question.

20. Identify all persons whom you intend to have testify at the trial of this case, including but not limited to any rebuttal or impeaching witnesses who may be called at trial.

21. With regard to any phones that were in your vehicle at the time of the accident in question, please state:

        a. The name, address, and telephone number of the provider (on the date of the accident) of the phone services for said phone;

        b. State the telephone number (on the date of the accident) for said phone;

        c. State the account number for said phone on the date of the accident;

        d. State the full name, address, and telephone number of the person in whose name the phone was listed on the date of the accident; and

        e. State the full name, address, and telephone number of the person in whose name the phone services account (on the date of the accident) was listed.

## III.      FIRST REQUESTS FOR PRODUCTION

Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to produce, within fifty (50) days of service of this request, the following information. Demand is hereby made for supplementation of the Defendant's responses to this Request for Production as required by TEXAS RULE OF CIVIL PROCEDURE 193.5.

### Definitions & Instructions

For purposes of the following Requests, the following definitions and instructions apply:

"You", "Your" and "Defendant" means and refers to the named Defendant responding to the request, as well as your attorneys, agents, employees, and all other natural persons or business or legal entities acting, or purporting to act, for or on your behalf whether authorized to do so or not.

"Collision in Question" and "Incident in Question" means and refers to the collision described in Plaintiff's Original Petition.

"Vehicle in Question" means and refers to the vehicle driven by CHARLIE MCFADDEN, involved in the Collision in Question.

"Document" means and includes writings of every type and from any source, including originals and non-identical copies thereof, that are in your possession, custody, or control or known by you to exist. This would include documents sent outside your organization to any source as well as documents intended for internal use.

The term also includes communications not only in words, but in symbols, pictures, sound recordings, film, tapes and information stored in, or accessible through, computer or other information storage or retrieval systems. If the information is kept in a computer or informational retrieval system, the term also includes codes and programming instructions and other materials necessary to understand such systems.

The term includes, but is not limited to: calendars, checkbooks, agenda, agreements, analyses, bills, invoices, records of obligations and expenditures, corporate bylaws and charters, correspondence, diaries, files, legal documents, financial documents including balance sheets and profit and loss statements, letters, memorandum recording telephone or in-person conferences, manuals, books, press releases, purchase orders, records, schedules, memos of interviews, evaluations, written reports of tests or experiments, public relations releases, telegrams, teletypes, work papers, drafts of documents, and all other writings whose contents relate to the subject matter of the discovery request.

"Custodian" means the person or entity with care, custody, control of the item or document

that is subject of inquiry.  A request to identify the custodian of any item or document is a request to provide the name, address and telephone number of said custodian.

"Photograph" means and includes any motion picture, still picture, transparency, videotape, drawing, sketch, electronic image, negatives or any other recording of any non-verbal communication in tangible form.

You are not asked to divulge or provide any information or documents which are privileged in nature.  However, for each document or other requested information that you assert is privileged or is not discoverable, identify that document or other requested information.  State the specific grounds for the claim or privilege or other ground for exclusion.

If a requested document once was but is no longer in the possession, custody or control of Defendant or any of its representatives, state what disposition was made of such document.

If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reason for Defendant's inability to fully respond, and stating whatever information or knowledge Defendant has concerning the portion to which Defendant cannot fully respond.

Pursuant to *Overall v. Southwestern Travis Yellow Pages*, a party is required to send the documents to the requesting party along with a copy of the response.  Unless these are thousands of documents, a party is not permitted to merely make documents available at a specific location. 869 S.W.2d 629 (Tex. App.–Houston [14th Dist.] 1994).

# IV. REQUESTS FOR PRODUCTION

Pursuant to Rule 196, Texas Rules of Civil Procedure, Defendant is requested to produce and permit the inspection and copying of the following documents:

1.    Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

      RESPONSE:

2.    Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

      RESPONSE:

3.    Any and all photographs of the scene of the collision in question.

      RESPONSE:

4.    Any and all photographs that you intend to use at trial.

      RESPONSE:

5.    Any and all photographs, videotapes or other depictions of Plaintiff.

      RESPONSE:

6.    Any and all photographs, videotapes or other depictions of TRUCK DRIVER.

      RESPONSE:

7.    Any and all witness statements.

      RESPONSE:

8.    Any and all statements from Plaintiff.

      RESPONSE:

9.    Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

      RESPONSE:

10.   Any and all documents related to TRUCK DRIVER's employment with ROEHL

TRANSPORT, INC.

RESPONSE:

11.     Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question.  These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

RESPONSE:

12.     Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by CHARLIE MCFADDEN relating to his employment with ROEHL TRANSPORT, INC.

RESPONSE:

13.     Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

RESPONSE:

14.     Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial.  Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

RESPONSE:

15.     Any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, and/or Defendants' agents or employees.

RESPONSE:

16.     Any records or documentation (medical or non-medical) concerning CHARLIE MCFADDEN that would indicate whether CHARLIE MCFADDEN was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

RESPONSE:

17.     Any records or documentation (medical or non-medical) concerning CHARLIE MCFADDEN that would indicate that he had alcohol and/or drugs (including prescription or

nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

RESPONSE:

18.     Any records or documentation (medical or non-medical) that would indicate that CHARLIE MCFADDEN was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

RESPONSE:

19.     A photostatic copy of the front and back of TRUCK DRIVER's current driver's license and any commercial license.

RESPONSE:

20.     A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

RESPONSE:

21.     Any documentation concerning CHARLIE MCFADDEN involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

RESPONSE:

22.     All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by CHARLIE MCFADDEN at the time of the collision in question.

RESPONSE:

23.     All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that CHARLIE MCFADDEN was an unsafe driver.

RESPONSE:

24.     All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

RESPONSE:

25.     If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements,

tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

RESPONSE:

26. Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

RESPONSE:

27. Any insurance policies that provide, or may provide, coverage for the collision in question.

RESPONSE:

28. Any reservation of rights letters or non-waiver agreements.

RESPONSE:

29. Any cell phone bills that would show whether or not CHARLIE MCFADDEN was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

RESPONSE:

30. All cell phone bills and records for any cell phone used by CHARLIE MCFADDEN for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

31. Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

32. All expense receipts and reports submitted by CHARLIE MCFADDEN for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

33.     All incident reports generated by CHARLIE MCFADDEN or ROEHL TRANSPORT, INC. regarding the collision at issue in this lawsuit.

        RESPONSE:

34.     If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, CHARLIE MCFADDEN drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by CHARLIE MCFADDEN for that time period.

        RESPONSE:

35.     TRUCK DRIVER's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

36.     ROEHL TRANSPORT, INC.'s complete driver qualification file on TRUCK DRIVER.

        RESPONSE:

37.     All personnel files, accident files, and other files and documents that ROEHL TRANSPORT, INC. maintains or possesses regarding TRUCK DRIVER.

        RESPONSE:

38.     All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by CHARLIE MCFADDEN during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

39.     All Qualcomm records and data regarding any vehicle operated by TRUCK DRIVER, and any communications to and from TRUCK DRIVER, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

40.     All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by CHARLIE MCFADDEN during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

RESPONSE:

41.     All monthly log summary sheets for CHARLIE MCFADDEN for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

42.     All notice of logging violations for CHARLIE MCFADDEN for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

43.     The accident register for ROEHL TRANSPORT, INC.

        RESPONSE:

44.     All safety performance history records regarding TRUCK DRIVER.

        RESPONSE:

45.     All driver's vehicle inspection reports completed by CHARLIE MCFADDEN for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

46.     All pretrip check lists completed by CHARLIE MCFADDEN for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

47.     The vehicle accident kit issued to TRUCK DRIVER.

        RESPONSE:

48.     An exemplar blank vehicle accident kit used by ROEHL TRANSPORT, INC.

        RESPONSE:

49.     All dispatch and trip reports regarding any vehicle operated by CHARLIE MCFADDEN for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

        RESPONSE:

50.     All trip cost report envelopes for any vehicle operated by CHARLIE MCFADDEN for the

period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

51.     All OmniTRACS data regarding any vehicle operated by CHARLIE MCFADDEN for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

52.     Copies of all documents obtained by deposition on written question or subpoena.

RESPONSE:

53.     All documents regarding any audits or examinations performed of ROEHL TRANSPORT, INC. by any state or federal agency, including but not limited to any state department of transportation, any state department of motor vehicle, the U.S. Department of Transportation, and the Federal Motor Carrier Safety Administration.

RESPONSE:

54.     Exact copies of the Defendant's insurance claim file that was generated from the date of the incident made the basis for this suit until the date this lawsuit was filed

RESPONSE:

## V.  REQUEST FOR PRIVILEGE LOG TO BE ANSWERED
## <u>WITHIN 50 DAYS OF SERVICE</u>

<u>Privilege Log</u>:  If you are withholding documents based upon the assertion of a privilege, please produce a privilege log in accordance with Rule 193.3 (b), detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which you claim properly precludes the information from being discovered.  Specifically do the following:

(g)     Detail the privilege asserted;

(h)     Provide the title of the document(s) upon which the privilege is asserted;

(i)      Provide the general substance of the document(s) upon which you claim there is a privilege;

(j)      Identify the location and custodian of the document(s)

(k)     Give a brief description why, in your view, the privilege shields the document from discovery; and

(l)      Bates stamp the documents upon which you claim there is a privilege for in camera inspection at a later hearing.

## VI. REQUESTS FOR ADMISSIONS

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, you are requested to answer, within fifty (50) days of service of this request, the following Requests for Admissions.

### Definitions

For purposes of the following Requests, the following definitions apply:

"You," "Your," and "Defendant" means and refers to the named Defendant responding to these requests.

"Incident in Question" means and refers to the collision referred to in Plaintiff's Original Petition.

"Vehicle in Question" refers to the automobile driven by Defendant, involved in the Incident in Question.

## VII.      REQUESTS FOR ADMISSIONS

1.      On or about February 19, 2016, Plaintiff and Defendant were involved in an automobile collision in DALLAS COUNTY, Texas. (hereinafter referred to as incident, collision, accident or occurrence).

        ***RESPONSE:***

2.      At the time of the collision Defendant was the driver of the vehicle which collided with Plaintiff's vehicle.

        ***RESPONSE:***

3.      Defendant contends the cause of the collision was Plaintiff's negligence.

        ***RESPONSE:***

4.      Defendant had physical infirmities which contributed to the cause of the collision.

        ***RESPONSE:***

5.      Defendant is aware of the identity of witnesses to the collision other than those listed on the Texas Peace Officer's accident report.

        ***RESPONSE:***

6.      Defendant or agents of Defendant, including Defendant's attorney or insurance company, have pictures or photographs illustrating the scene of the accident or damage to the vehicles involved in the collision.

*RESPONSE:*

7.      Defendant has been convicted of a felony or a crime involving moral turpitude.

*RESPONSE:*

8.      The Defendant was under the care of a medical practitioner or other practitioner of the healing arts during the month before the collision.

*RESPONSE:*

9.      The Defendant was under the influence of drugs or alcohol when the collision occurred.

*RESPONSE:*

10.     The Defendant had ingested or consumed drugs or alcohol within the 24 hours before the collision.

*RESPONSE:*

11.     The Defendant has possession, custody, or control of a copy of a written statement or a recorded oral statement made by the Defendant relating to the collision.

*RESPONSE:*

12.     The Defendant was acting as an agent for a person or entity at the time of the collision.

*RESPONSE:*

13.     Defendant consumed at least one alcoholic drink in the **six** hour period prior to your collision with the Plaintiff's vehicle on the date of the accident made the basis of this lawsuit.

*RESPONSE:*

14.     Defendant consumed at least two alcoholic drinks in the **six** hour period prior to your collision with the Plaintiff's car on the date of the accident made the basis of this lawsuit.

*RESPONSE:*

15.     Admit or Deny that Defendant was engaged in conversation on a telephone at the time of the accident made the basis of this lawsuit.

*RESPONSE:*

---

**PLAINTIFF'S FIRST REQUEST FOR WRITTEN
DISCOVERY TO DEFENDANT**

16.     Admit or Deny that Defendant was dialing a telephone at the time of the accident made the basis of this lawsuit.

      ***RESPONSE:***

17.     Admit or deny you were text messaging at the time of the collision.

      ***RESPONSE:***

18.     Admit or deny you had sent a text message within one minute prior to the collision.

      ***RESPONSE:***

19.     Admit or deny you had sent a text message within five minutes prior to the collision.

      ***RESPONSE:***

20.     Admit or deny you had received a text message within one minute prior to the collision.

      ***RESPONSE:***

21.     Admit or deny you had received a text message within five minutes prior to the collision.

      ***RESPONSE:***

22.     Admit or deny at the time of the collision you were holding your cell phone in your hand.

      ***RESPONSE:***

23.     Admit or deny at the time of the incident in question you were using your cell phone.

      ***RESPONSE:***

24.     Admit or deny you were using a cellular phone application (aka "app") at the time of the collision.

      ***RESPONSE:***

25.     Admit or deny you were browsing the internet on your cellular phone at the time of the collision.

      ***RESPONSE:***

26.     Admit or deny that you were streaming music using your cellular phone at the time of the collision.

      ***RESPONSE:***

27.     Admit or deny you were updating an application (aka "app") on your cellular phone at the time

of the collision.

**RESPONSE:**

28.     Admit or deny you were looking at your cellular phone at the time of the collision.

**RESPONSE:**

29.     Admit or deny that you were looking at your cellular phone within five seconds prior to the collision.

**RESPONSE:**

30.     Admit or deny that you had a cellular phone in your vehicle at the time of the collision.

**RESPONSE:**

**FORM NO. 353-4—CITATION**
**THE STATE OF TEXAS**

ESERVE  (SOS)

To:   ROEHL TRANSPORT, INC.
      BY SERVING THE SECRETARY OF STATE
      OFFICE OF THE SECRETARY OF STATE
      CITATIONS UNIT - P.O. BOX 12079
      AUSTIN, TX, 78711

**CITATION**

| No.: **DC-17-08345** |
| --- |

GUDMECINDO BAHENA SEGURA
vs.
ROEHL TRANSPORT, INC., et al

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **134th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **GUDMECINDO BAHENA SEGURA**

Filed in said Court 11th day of July, 2017 against **ROEHL TRANSPORT, INC.**

For suit, said suit being numbered  **DC-17-08345**  the nature of which demand is as follows:
 Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE, INTERROGATORIES, PRODUCTION AND ADMISSIONS**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 17th day of July, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                        /s/ Denosha Boston
            By_____, Deputy
                    **DENOSHA BOSTON**

ISSUED
**ON THIS THE 17TH DAY OF JULY, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **DENOSHA BOSTON**, Deputy
_____

Attorney for : Plaintiff
  **AARON L GENTHE**
  **8330 LYNDON B JOHNSON FRWY**
  **SUITE 700**
  **DALLAS TX  75243**

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-08345

Court No: 134th District Court

Style: GUDMECINDO BAHENA SEGURA
 vs.
ROEHL TRANSPORT, INC., et al

Received this Citation the _____day of_____, 20_____at_____o'clock.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____at_____o'clock ____.M.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____  _____  ____

_____President - Vice President - Registered Agent - in person, of the said

_____
a true copy of this citation together with the accompanying copy of Plaintiff's  original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:          To certify which witness by my hand.

For Serving Citation        $_____          Sheriff_____

For Mileage        $_____          County of_____

For Notary        $_____          State of_____

        Total Fees        $_____          By_____

(Must be verified if served outside the State of Texas)

State of_____

County of_____

        Signed and sworn to me by the said_____before me this_____ day of _____, 20_____, to certify which witness my hand and seal of office.

_____

        Seal                                          State & County of

_____

**FORM NO. 353-4—CITATION**
**THE STATE OF TEXAS**

To:     CHARLIE MCFADDEN
        BY SERVING TRYON D. LEWIS, CHAIRMAN
        TEXAS TRANSPORTATION COMMISSION
        125 E. 11TH STREET
        AUSTIN, TX, 78701

CITATION

| No.: **DC-17-08345** |
| --- |

GUDMECINDO BAHENA SEGURA
vs.
ROEHL TRANSPORT, INC., et al

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with     the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
  Your answer should be addressed to the clerk of the **134th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **GUDMECINDO BAHENA SEGURA**

  Filed in said Court 11th day of July, 2017 against **CHARLIE MCFADDEN**

  For suit, said suit being numbered   **DC-17-08345**  the nature of which demand is as follows:
  Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE, INTERROGATORIES, PRODUCTION AND ADMISSIONS**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 17th day of July, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                        /s/ Denosha Boston
            By_____, Deputy
                    **DENOSHA BOSTON**

ISSUED
**ON THIS THE 17TH DAY OF JULY, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **DENOSHA BOSTON**, Deputy
_____

Attorney for : Plaintiff
   **AARON L GENTHE**
   **8330 LYNDON B JOHNSON FRWY**
   **SUITE 700**
   **DALLAS TX  75243**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-08345

Court No: 134th District Court

Style: GUDMECINDO BAHENA SEGURA
 vs.
ROEHL TRANSPORT, INC., et al

Received this Citation the _____day of_____, 20_____at_____o'clock.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____day of_____, 20_____at_____o'clock ____.M.  Executed at _____, within the County of _____, State of_____, on the _____day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____  _____  ____
_____ President - Vice President - Registered Agent - in person, of the said
_____
a true copy of this citation together with the accompanying copy of Plaintiff's  original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:        To certify which witness by my hand.
For Serving Citation      $_____          Sheriff_____
For Mileage           $_____          County of_____
For Notary           $_____          State of_____
        Total Fees       $_____          By_____

(Must be verified if served outside the State of Texas)
State of_____
County of_____
        Signed and sworn to me by the said_____before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

_____

        Seal                                State & County of

_____

**OFFICER'S RETURN
FOR INDIVIDUALS**

Cause No. DC-17-08345

Court No: 134th District Court

Style: GUDMECINDO BAHENA SEGURA
vs.
ROEHL TRANSPORT, INC., et al

Received this Citation the _____ day of _____, 20 ____, at ____ o'clock. Executed at _____, within the County of _____, on the ____ day of _____, 20 ____, at ____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN
FOR CORPORATIONS**

Received this Citation the _20th_ day of _July_, 20 _17_, at _1:00_ o'clock _P_.M. Executed at _PO Box 12079   Austin, TX 78711_, within the County of _Travis_, State of _TX_, on the _24th_ day of _July_, 20 _17_, at _10:46_ o'clock _A_.M. by summoning the within named Corporation, _Roehl Transport Inc_ by delivering to _The Secretary of State Citations Unit_ by _CMRR #7016 3010 0006 5171 7132_ President - Vice President - Registered Agent - in person, of the said _Roehl Transport Inc_

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness by my hand.

For Serving Citation $ _75_   Sheriff _Heather Bork_
For Mileage $ _60_   County of _Dallas_
For Notary $ _75_   State of _TX_
Total Fees $   By _Heather Bork   SC #6233   Exp 02/28/20_

(Must be verified if served outside the State of Texas)
State of _Texas_
County of _Dallas_
Signed and sworn to me by the said _Heather Bork_ before me this, _7th_
day of _August_, 20 _17_, to certify which witness my hand and seal of office.

Seal

CORINA A. WOODS
Notary Public, State of Texas
Comm. Expires 03-11-2020
Notary ID 130578221

Corina A. Woods

State & County of
TX   Dallas

FORM NO. 353-4—CITATION
THE STATE OF TEXAS

SERVE (SOS)

**CITATION**

To: ROEHL TRANSPORT, INC.
BY SERVING THE SECRETARY OF STATE
OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT - P.O. BOX 12079
AUSTIN, TX, 78711

No.: DC-17-08345

GUDMECINDO BAHENA SEGURA
vs.
ROEHL TRANSPORT, INC., et al

ISSUED
ON THIS THE 17TH DAY OF JULY, 2017

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **134th District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **GUDMECINDO BAHENA SEGURA**

Filed in said Court 11th day of July, 2017 against **ROEHL TRANSPORT, INC.**

For suit, said suit being numbered **DC-17-08345** the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition **REQUEST FOR DISCLOSURE, INTERROGATORIES, PRODUCTION AND ADMISSIONS,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 17th day of July, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

By _____ /s/ Denosha Boston _____ , Deputy
**DENOSHA BOSTON**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **DENOSHA BOSTON**, Deputy

Attorney for : Plaintiff
AARON L GENTHE
8330 LYNDON B JOHNSON FRWY
SUITE 700
DALLAS TX 75243
DALLAS COUNTY
SERVICE FEES
NOT PAID

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

A. Signature

X __SPR?ICPA__        ☐ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

JUL 28 2017

1. Article Addressed to:

Roehl Transport Inc.
C/o The Secretary of State
○ Citations Unit
PO Box 12079
Austin TX 78711

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9403 0597 5183 7131 89

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...d Mail
☐ ...d Mail Restricted Delivery
  (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7016 3010 0000 5171 7122

PS Form 3811, April 2015 PSN 7530-02-000-9053          Domestic Return Receipt

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-17-08345

Court No: 134th District Court

Style: GUDMECINDO BAHENA SEGURA
vs.
ROEHL TRANSPORT, INC., et al

Received this Citation the 20th day of July , 20 17 , at 1:20PM o'clock. Executed at 1256 Williams Austin TX 78701 , within the County of Travis , State of TX , on the 24th day of July , 20 17 , at 7:00P o'clock, by delivering to the within named Charlie McFadden b/s Texas Transport each a copy of this Citation together with the accompanying copy of Plaintiff's original Commission by CMRCH 7016 3010 0000 5171 7115 petition, having first indorsed on same the date of delivery.
------000000------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____ , 20 ____ , at _____ o'clock ____.M. Executed at _____ , within the County of _____ , State of _____ , on the _____ day of _____ , 20 ____ , at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____
President - Vice President - Registered Agent - in person, of the said _____

a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.
------000000------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which witness by my hand.

| | | |
|---|---|---|
| For Serving Citation | $ 75 | Sheriff Heather Bork |
| For Mileage | $ 6 | County of Dallas |
| For Notary | $ 0 | State of TX |
| Total Fees | $ 75 | By Heather Bork ser#8133   Exp 2/28/20 |

(Must be verified if served outside the State of Texas)
State of TX
County of DALLAS
Signed and sworn to me by the said HEATHER BORK , before me this 17TH
day of AUGUST , 20 17 , to certify which witness my hand and seal of office.

Seal

SEAN C. HOLLENBECK
Notary Public, State of Texas
Comm. Expires 03-02-2021
Notary ID 125212991

State & County of TX & DALLAS

FORM NO. 353-4—CITATION
THE STATE OF TEXAS

ESERVE (COH)

**CITATION**

No.: **DC-17-08345**

GUDMECINDO BAHENA SEGURA
vs.
ROEHL TRANSPORT, INC., et al

ISSUED
ON THIS THE 17TH DAY OF JULY, 2017

To:   **CHARLIE MCFADDEN**
BY SERVING TRYON D. LEWIS, CHAIRMAN
TEXAS TRANSPORTATION COMMISSION
125 E. 11TH STREET
AUSTIN, TX, 78701

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with   the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
Your answer should be addressed to the clerk of the **134th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **GUDMECINDO BAHENA SEGURA**

Filed in said Court 11th day of July, 2017 against **CHARLIE MCFADDEN**

For suit, said suit being numbered  **DC-17-08345**  the nature of which demand is as follows:
Suit On **MOTOR VEHICLE ACCIDENT** etc.

as shown on said petition **REQUEST FOR DISCLOSURE, INTERROGATORIES, PRODUCTION AND ADMISSIONS**, a copy of which accompanies this citation.  If this citation is not served,  it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office **on this the 17th day of July, 2017**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas
By _____ /s/ Denosha Boston _____ , Deputy
                    **DENOSHA BOSTON**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **DENOSHA BOSTON**, Deputy

Attorney for : Plaintiff
**AARON L GENTHE**
8330 LYNDON B JOHNSON FRWY
SUITE 700
**DALLAS TX  75243**

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Charlie McFadden
C/o Texas Transportation Commission
Tryon D. Lewis
125 E 11th St.
Austin, TX 78701

9590 9403 0597 5183 7131 96

2. Article Number *(Transfer from service label)*

7016 3010 0000 5171 7115

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
   Randall Tod              JUL 2 0 2017

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____red Mail
☐ ____red Mail Restricted Delivery
   ____r $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, April 2015 PSN 7530-02-000-9053                Domestic Return Receipt

FILED
DALLAS COUNTY
8/18/2017 2:19 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:17-cv-02239-B   Document 1-1   Filed 08/23/17   Page 67 of 77   PageID 71

RTI.8798

## CAUSE NO. DC-17-08345

| | | |
|---|---|---|
| **GUDMECINDO BAHENA SEGURA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **134th JUDICIAL DISTRICT** |
| | § | |
| **ROEHL TRANSPORT, INC., AND** | § | **DALLAS COUNTY, TEXAS** |
| **CHARLIE MCFADDEN** | | |

## DEFENDANT ROEHL TRANSPORT, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **ROEHL TRANSPORT, INC.**, Defendant named in the above entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.

### SECTION 18.091

Defendant invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

## III.

### SECTION 41. 0105

Defendant invokes Section 41.0105 of the Texas Civil Practice and Remedies Code.  To the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff.  Defendant further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

## IV.

### PAID V. INCURRED

Defendant also asserts that it are entitled to a reduction in any award for medical expenses to the extent that same is not actually paid or incurred.  Defendant is further entitled to a reduction as to any damage award for the full sum of any settlement as an offset to Plaintiff's recovery.

## V.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **ROEHL TRANSPORT, INC.,** prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

*/s/ Michael P. Sharp*
_____

**MICHAEL P. SHARP**
State Bar No. 00788857
**JASON A. BURRIS**
State Bar No. 24049591
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Email:  msharp@feesmith.com
Email:  jburris@feesmith.com
Tel:  972-934-9100
Fax;  972-934-9200

**ATTORNEYS FOR DEFENDANT
ROEHL TRANSPORT, INC.**

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 18th day of August, 2017.

*Via E-Serve:  www.efile.txcourtgs.gov*
Aaron L. Genthe
Law Firm of Aaron A. Herbert
8330 LBJ Freeway, Suite 400
Dallas, TX  75243
Email:  efileagenthe@texaslegaladvice.com

*/s/ Michael P. Sharp*
_____

**MICHAEL P. SHARP**

[Print this page](#)

# Case # DC-17-08345 - GUDMECINDO BAHENA SEGURA vs. ROEHL TRANSPORT, INC., et al (TILLERY, DALE)

**Case Information**

| | |
|---|---|
| Location | Dallas County - 134th District Court |
| Date Filed | 08/18/2017 02:19:29 PM |
| Case Number | DC-17-08345 |
| Case Description | GUDMECINDO BAHENA SEGURA vs. ROEHL TRANSPORT, INC., et al |
| Assigned to Judge | TILLERY, DALE |
| Attorney | Michael Sharp |
| Firm Name | Fee Smith Sharp & Vitullo LLP |
| Filed By | Kristi Moore |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

**Payment**

| | |
|---|---|
| Account Name | FSSV Mastercard 5 (Mastercard 7794) |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 29528587 |
| Order # | |

---

**Original Answer - General Denial**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Original Answer - General Denial |
| Filing Description | Defendant Roehl Transport, Inc.'s |
| Reference Number | RTI.8798 |
| Comments | |

| | |
|---|---|
| Status | Accepted |
| Accepted Date | 08/18/2017 02:46:40 PM |
| Accept Comments | THANK YOU FOR E-FILING!! B.REBOLLAR |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |
| *Lead Document* | DEF Roehl Transport OA (8.18.17).pdf   [Original]   [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Aaron Genthe agenthe@gmail.com | The Law Firm of Aaron A. Herbert | EServe | Sent | Yes | Not Opened |
| Michael Paul Sharp msharp@feesmith.com | Fee Smith Sharp & Vitullo LLP | EServe | Sent | Yes | Not Opened |
| Jason A. Burris jburris@feesmith.com | Fee Smith Sharp & Vitullo, LLP | EServe | Sent | Yes | Not Opened |
| Francine Ly fly@dallascourts.org | 134th Judicial District Court | EServe | Sent | Yes | Not Opened |
| Mona Brunson mbrunson@feesmith.com | Fee Smith Sharp & Vitullo LLP | EServe | Sent | Yes | Not Opened |
| DENOSHA BOSTON DENOSHA.BOSTON@DALLASCOUNTY.ORG | | EServe | Sent | Yes | Not Opened |
| Kristi Moore kmoore@feesmith.com | Fee Smith Sharp & Vitullo, LLP | EServe | Sent | Yes | Not Opened |
| Aaron Genthe efileagenthe@texaslegaladvice.com | | EServe | Sent | Yes | 08/18/2017 02:42:54 PM |

Case 3:17-cv-02239-B   Document 1-1   Filed 08/23/17   Page 72 of 77   PageID 76

FILED
DALLAS COUNTY
8/21/2017 9:03 AM
FELICIA PITRE
DISTRICT CLERK

RTI.8798

## CAUSE NO. DC-17-08345

| | | |
|---|---|---|
| **GUDMECINDO BAHENA SEGURA** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **134th JUDICIAL DISTRICT** |
| | § | |
| **ROEHL TRANSPORT, INC., AND** | § | |
| **CHARLIE MCFADDEN** | § | **DALLAS COUNTY, TEXAS** |

### DEFENDANT CHARLIE MCFADDEN'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **CHARLIE MCFADDEN**, Defendant named in the above entitled and numbered cause, and files this his Original Answer, and for same would respectfully show unto the Court as follows:

### I.

### GENERAL DENIAL

Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.

### SECTION 18.091

Defendant invokes Section 18.091 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value or loss of inheritance, the evidence to prove such loss must be presented in the form of net loss after reduction of income tax payments or unpaid tax liability. Defendant further requests the court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

### III.

### SECTION 41. 0105

Defendant invokes Section 41.0105 of the Texas Civil Practice and Remedies Code.  To the extent Plaintiff seeks recovery of medical or healthcare expenses incurred, the evidence to prove such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff.  Defendant further requests the court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by Plaintiff is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

### IV.

### PAID V. INCURRED

Defendant also asserts that it is entitled to a reduction in any award for medical expenses to the extent that same is not actually paid or incurred.  Defendant is further entitled to a reduction as to any damage award for the full sum of any settlement as an offset to Plaintiff's recovery.

### V.

### JURY DEMAND

In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Defendant **CHARLIE MCFADDEN,** prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

**FEE, SMITH, SHARP & VITULLO, L.L.P**

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**
State Bar No. 00788857
**JASON A. BURRIS**
State Bar No. 24049591
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
Email:  msharp@feesmith.com
Email:  jburris@feesmith.com
Tel:  972-934-9100
Fax;  972-934-9200

**ATTORNEYS FOR DEFENDANT
CHARLIE MCFADDEN**

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record in this cause of action on the 21st day of August, 2017.

*Via E-Serve:  www.efile.txcourtgs.gov*
Aaron L. Genthe
Law Firm of Aaron A. Herbert
8330 LBJ Freeway, Suite 400
Dallas, TX  75243
Email:  efileagenthe@texaslegaladvice.com

*/s/ Michael P. Sharp*

**MICHAEL P. SHARP**

Print this page

# Case # DC-17-08345 - GUDMECINDO BAHENA SEGURA vs. ROEHL TRANSPORT, INC., et al (TILLERY, DALE)

**Case Information**

| | |
|---|---|
| Location | Dallas County - 134th District Court |
| Date Filed | 08/21/2017 09:03:47 AM |
| Case Number | DC-17-08345 |
| Case Description | GUDMECINDO BAHENA SEGURA vs. ROEHL TRANSPORT, INC., et al |
| Assigned to Judge | TILLERY, DALE |
| Attorney | Michael Sharp |
| Firm Name | Fee Smith Sharp & Vitullo LLP |
| Filed By | Kristi Moore |
| Filer Type | Not Applicable |

**Fees**

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

**Payment**

| | |
|---|---|
| Account Name | FSSV Mastercard 5 (Mastercard 7794) |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 29552256 |
| Order # | |

---

**Original Answer - General Denial**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Original Answer - General Denial |
| Filing Description | |
| Reference Number | |
| Comments | |

| Status | Accepted |
|---|---|
| Accepted Date | 08/21/2017 09:08:50 AM |
| Accept Comments | THANK YOU FOR E-FILING!! B.REBOLLAR |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |
| *Lead Document* | DEF Charlie McFadden OA (8.18.17).pdf   [Original] [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Aaron Genthe agenthe@gmail.com | The Law Firm of Aaron A. Herbert | EServe | Sent | Yes | Not Opened |
| Michael Paul Sharp msharp@feesmith.com | Fee Smith Sharp & Vitullo LLP | EServe | Sent | Yes | Not Opened |
| Jason A. Burris jburris@feesmith.com | Fee Smith Sharp & Vitullo, LLP | EServe | Sent | Yes | Not Opened |
| Francine Ly fly@dallascourts.org | 134th Judicial District Court | EServe | Sent | Yes | Not Opened |
| DENOSHA BOSTON DENOSHA.BOSTON@DALLASCOUNTY.ORG | | EServe | Sent | Yes | Not Opened |
| Kristi Moore kmoore@feesmith.com | Fee Smith Sharp & Vitullo, LLP | EServe | Sent | Yes | Not Opened |
| Aaron Genthe efileagenthe@texaslegaladvice.com | | EServe | Sent | Yes | Not Opened |
| Mona Brunson mbrunson@feesmith.com | Fee Smith Sharp & Vitullo LLP | EServe | Sent | Yes | Not Opened |